UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Quashane V. Sharpe.,                           Case No. 3:12-cv-02985

        Plaintiff

    v.                                        MEMORANDUM OPINION
                                            AND ORDER

Corrections Officer Franklin, et al.,

        Defendants

## I. INTRODUCTION

Defendants Corrections Officers Franklin and Ward move for summary judgment on the claims alleged in Plaintiff Quashane Sharpe's complaint. (Doc. No. 20). The parties have completed briefing on Defendants' motion. For the reasons stated below, Defendants' summary judgment motion is granted.

## II. BACKGROUND

In August 2012, while serving a term of incarceration at the Toledo Correctional Institution ("ToCI"), Sharpe alleges he was assaulted by two Ohio Department of Rehabilitation and Correction ("ODRC") corrections officers. Sharpe asserts Defendants assaulted him while escorting him from the medical unit to a segregation unit. (Doc. No. 1 at 5). Sharpe states he "was slammed and stomped in front of a strip cage" and was not permitted to return to the medical unit for examination of his injuries until the following day. (Doc. No. 1 at 5-6). Upon examination, a nurse noted the presence of swelling in Sharpe's right foot and on the left side of his head. (Doc. No. 20-6 at 4). The nurse also noted an abrasion on the left side of Sharpe's neck and a deep scratch on his right shin. (Id.). X-rays did not reveal any fractures or dislocation in Sharpe's skull or foot. (Doc. No. 20-6 at 5-6).

Several days after the incident, Tara Pinski, the Inspector of Institutional Services at ToCI, investigated Sharpe's allegations of the officers' unreported use of force.  (Doc. No. 20-7).  There were no cameras in the area in which the incident allegedly occurred.  After interviewing Sharpe and Defendants, Pinski concluded the officers had not used force as defined by the ODRC policy because (1) the officers denied using force; (2) Sharpe's allegations were inconsistent as to the location of the assault; (3) Sharpe's injuries were superficial and inconsistent with his description of the incident; and (4) Pinski could not observe any injury to Sharpe's head even though the incident had occurred only a few days prior to the interview.  (Doc. No. 20-7 at 2-3).  Pinski concluded Sharpe's injuries likely were self-inflicted.  (Doc. No. 20-7 at 3).

Sharpe filed suit pro se on December 5, 2012, and I subsequently granted his motion for appointment of counsel.  Sharpe alleges Defendants used excessive force and exhibited deliberate indifference to his medical needs in violation of the Eighth and Fourteenth Amendments.  (*See* Doc. No. 34).  Defendants move for summary judgment on both claims.

### III.   STANDARD

A district court shall grant a party's motion for summary judgment if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant may meet its burden by showing there is an absence of evidence to support an element of a claim on which the nonmovant has the ultimate burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant has satisfied its burden, the nonmovant then must set forth "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).  All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor.  *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014).  A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law.  *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

## IV.   ANALYSIS

Defendants seek summary judgment on Sharpe's claims for use of excessive force and deliberate indifference to his medical needs.  Sharpe argues Defendants' motion should be denied because he has shown a genuine issue of material fact concerning whether Defendants' use of force was excessive.  Sharpe concedes he is not entitled to relief on his deliberate indifference claim.  (Doc. No. 34 at 8).

In a prison setting, the "unnecessary and wanton infliction of pain" violates the Eighth Amendment's prohibition on cruel and unusual punishments.  *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (citations omitted).  The use of excessive physical force against an inmate constitutes the unnecessary and wanton infliction of pain, even if the inmate does not suffer "serious injury."  *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (per curiam) (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)).  The "core judicial inquiry" into a claim of excessive force seeks to determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 7.  This inquiry involves considering factors such the reasons or motivation for the application of force, the relationship between the motivation and the amount of force used, "the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  While the extent of injury inflicted may "provide some indication of the amount of force applied," it is the nature of the force used that is decisive.  *Wilkins*, 599 U.S. at 37-38.

Defendants state they did not assault Sharpe but "placed [him] face first against the wall" while escorting him between units in order to readjust their grip after Sharpe began "twisting and pulling, trying to get away from [them]."  (Doc. No. 20-2 at 2; Doc. No. 20-3 at 2).  Sharpe does not

contest these statements. It is Sharpe's burden to show a reasonable jury could conclude "not only that the assault actually occurred but also that it was carried out 'maliciously and sadistically' rather than as part of 'a good faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (quoting *Hudson*, 503 U.S. at 9); *see also Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (A plaintiff must show "the officials act[ed] with a sufficiently culpable state of mind."). Defendants are entitled to summary judgment on Sharpe's excessive force claim because he fails to identify evidence from which a jury could conclude Defendants' alleged conduct involved "more than ordinary lack of due care for [his] interests or safety." *Whitley*, 475 U.S. at 319.

## V. CONCLUSION

For the reasons stated above, I conclude Defendants are entitled to summary judgment and their motion, (Doc. No. 20), is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge